A CERTIFIED TRUE COPY
ATTEST

By April Layne on Dec 03, 2008

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Filed at 3:00 P M
DATE 12/3/2008
[signature] Elizabeth Long
DEPUTY CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF GA

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Dec 03, 2008

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: MENTOR CORP. OBTAPE TRANSOBTURATOR
SLING PRODUCTS LIABILITY LITIGATION

MDL No. 2004

A true and certified copy.
This Dec. 5, 20 08
GREGORY J. LEONARD, CLERK
U.S. DISTRICT COURT, MD Ga.
By: [signature]
     Deputy Clerk

**TRANSFER ORDER**

U.S. DISTRICT COURT
Southern District of Ga
Filed 3:59 P M
Dec 15 2008
J. Burton
Deputy Clerk

**Before the entire Panel**[*]: Common defendant Mentor Corp. (Mentor) has moved, pursuant to 28 U.S.C. § 1407, to centralize this litigation in the Western District of Oklahoma or, in the alternative, either the Northern District of Oklahoma or the Northern District of Ohio. Plaintiffs in all actions oppose centralization. If centralization is ordered over their objections, plaintiffs ask that the Panel select the Middle District of Georgia as transferee district.

This litigation currently consists of 22 actions: five pending in the Middle District of Georgia, four in the Middle District of Florida, three in the Western District of Oklahoma, two in the District of New Jersey, and one each in the Central District of California, the Northern District of Georgia, the Southern District of Georgia, the Eastern District of Louisiana, the Western District of Missouri, the Eastern District of New York, the Northern District of Ohio and the Northern District of Oklahoma, as listed on Schedule A.[1]

On the basis of the papers filed and hearing session held, we find that these 22 actions against Mentor involve common questions of fact, and that centralization under Section 1407 in the Middle District of Georgia will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All 22 actions share factual issues as to whether Mentor's "ObTape" brand transobturator sling, a device used to treat female stress urinary incontinence, was defectively designed and/or manufactured, and whether Mentor failed to provide adequate warnings concerning the device. Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings on discovery and other issues, and conserve the resources of the parties, their counsel and the judiciary.

In opposing centralization, plaintiffs argue, *inter alia*, that the creation of an MDL is unnecessary because the litigation currently involves only one defendant represented by a single

---

[*] Judge Vratil took no part in the disposition of this matter.

[1] The Panel has been notified of two additional related actions. Those actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

national law firm (as well as associated local counsel), and the majority of plaintiffs are represented by either of only two law firms, and thus voluntary agreements among counsel can achieve many of the benefits of centralization. While we applaud voluntary efforts to cooperate and coordinate among the parties and their counsel, we observe that centralization under Section 1407 "has the benefit of placing all actions in this docket, as well as any additional related actions that may be forthcoming,[2] before a single transferee judge who can structure pretrial proceedings to ensure that pretrial discovery and rulings will occur in a manner that minimizes the risk of duplication or inconsistency and that thereby leads to the just and expeditious resolution of all actions to the overall benefit of those involved." *See In re Compression Labs, Inc., Patent Litigation*, 360 F.Supp.2d 1367, 1368 (J.P.M.L. 2005).

We are persuaded that the Middle District of Georgia is an appropriate transferee district for pretrial proceedings in this litigation, because five of the constituent actions – including the first-filed action – are pending there, and those actions appear to be somewhat more advanced than the other seventeen actions in this docket. In addition, Judge Land has the time and experience to steer this MDL on a prudent course.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Middle District of Georgia are transferred to the Middle District of Georgia and, with the consent of that court, assigned to the Honorable Clay D. Land for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

J. Frederick Motz      Robert L. Miller, Jr.
Kathryn H. Vratil*     David R. Hansen
W. Royal Furgeson, Jr.

---

[2] As mentioned in footnote 1, the Panel has already been informed of two additional related actions.

IN RE: MENTOR CORP. OBTAPE TRANSOBTURATOR
SLING PRODUCTS LIABILITY LITIGATION                    MDL No. 2004

## SCHEDULE A

### Central District of California

Suzanne Crews, et al. v. Mentor Corp., C.A. No. 2:08-434

### Middle District of Florida

Melissa Bush, et al. v. Mentor Corp., C.A. No. 3:07-1155
Theresa Allen v. Mentor Corp., C.A. No. 3:08-11
Mary Ann Cree, et al. v. Mentor Corp., C.A. No. 3:08-171
Barbara Ford, et al. v. Mentor Corp., C.A. No. 3:08-808

### Middle District of Georgia

Barbara Parker, et al. v. Mentor Corp., C.A. No. 3:07-88
Shirley Stafford, et al. v. Mentor Corp., C.A. No. 3:07-101
Valerie Booth, et al. v. Mentor Corp., C.A. No. 3:07-102
Gail Dover, et al. v. Mentor Corp., C.A. No. 3:07-130
Barbara Peterson, et al. v. Mentor Corp., C.A. No. 3:07-135

### Northern District of Georgia

Cheryl Grisson v. Mentor Corp., C.A. No. 1:08-2391

### Southern District of Georgia

Shirlee Yoder, et al. v. Mentor Corp., C.A. No. 1:08-36

### Eastern District of Louisiana

Nancy Pace v. Mentor Corp., C.A. No. 2:08-1361

### Western District of Missouri

Debbie Scotten, et al. v. Mentor Corp., C.A. No. 3:08-5089

**MDL No. 2004 Schedule A (Continued)**

### District of New Jersey

Christina LaRocca, et al. v. Mentor Corp., C.A. No. 1:08-3867
Geraldine Doria, et al. v. Mentor Corp., C.A. No. 2:08-1634

### Eastern District of New York

Josephine Haag, et al. v. Mentor Corp., C.A. No. 2:08-2130

### Northern District of Ohio

Joni Voyk v. Mentor Corp., C.A. No. 5:08-1759

### Northern District of Oklahoma

Mark McKillip, et al. v. Mentor Corp., C.A. No. 4:08-419

### Western District of Oklahoma

Loretta Beaver v. Mentor Corp., C.A. No. 5:08-290
Mary Snavely, et al. v. Mentor Corp., C.A. No. 5:08-291
Carolyn Mackey, et al. v. Mentor Corp., C.A. No. 5:08-292